**Harold L. SHEWMAKER, Respondent,**

v.

**Carol Russell FISCHER, Director of Revenue, State of Missouri, Appellant.**

**No. WD 62021.**

Missouri Court of Appeals, Western District.

Dec. 9, 2003.

Karen P. Hess, Jefferson City, MO, for Appellant.

Kenneth M. Hayden, Versailles, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA BRECKENRIDGE and PAUL M. SPINDEN, JJ.

THOMAS H. NEWTON, Judge.

On November 11, 2001, Officer Ben Blankenbeker of the Laurie Police Department arrested Mr. Harold Shewmaker for violating an intoxication-related ordinance. Officer Blankenbeker took Mr. Shewmaker to the Morgan County Jail for a breath test. Morgan County Deputy, Trampus Jackson, administered the breath test using a Data Master breath analyzer machine. Deputy Jackson is a Type III permit holder, which allows him to administer breath tests on the Data Master. He followed the Missouri Department of Health's (MDH) approved checklist in setting up and performing the test. Mr. Shewmaker gave a valid breath sample, and his test result was .199 blood alcohol concentration by weight.

Trooper William Surface[1] is a Type II permit holder, which entitles him, among other things, to give breath tests and to perform maintenance checks on the Data Master. He performed a maintenance check on the Data Master on October 8, 2001. He used the MDH's approved checklist and followed its guidelines in performing the check. The Data Master was operating under the MDH regulations. The calibration check gave results of .099, .099, and .098, all of which were within the allowed deviation of +/-.005 from the .100 solution.

Although the record is not clear on this matter, it appears that from possibly before October 8, 2001, and certainly between October 8, 2001, and January 13, 2002, the machine sometimes gave a reading of .004 when a reading of .000 was expected. Trooper Surface also testified that in the middle of December he was told the Data Master was reading .004 on several occasions. He checked the machine and it tested .000. He said that at that time the erroneous reading was happening with one person, and because certain people may test a little high due to acetone in their system he was not concerned. But once more people tested high, he became concerned.

Around the 12th or 13th of January 2002, Trooper Surface checked the machine again and got a reading of .004 when he gave a breath sample, so he took it out of service and had it checked. Mr. Jerry Kraus, the technician who was the head of the Data Master program, took the machine apart and found a piece of debris in the sample chamber, although he found nothing mechanically or electronically wrong with the machine. Trooper Surface acknowledged that there was no way of knowing when the debris got into the sample chamber and no way to know what tests were affected by it and what tests were not affected, although there were tests throughout this time with a result of .000.

To rebut the Director of Revenue's case, Mr. Shewmaker introduced the testimony of Morgan County Deputy Jason Worthley, a Type III permit holder. Deputy Worthley operated the Data Master in question between December 5, 2001, and January 15, 2002, and on several occasions personally observed the machine give readings of .004 on breath samples that had no alcohol. He also gave a breath sample without alcohol and the machine registered a result of .004.

The Director suspended and/or revoked Mr. Shewmaker's driver's license under section 302.505[2] for driving while his BAC was above .08 percent.[3] At the hearing on this matter, Mr. Shewmaker objected to the admission of the test results from the Data Master and the trial court later sustained it. The trial court reinstated Mr. Shewmaker's driving privileges, holding that the Director did not have probable cause to believe Mr. Shewmaker was driving with a BAC of .08 percent or greater.

The Director raises two points on appeal. First, the trial court erred when it

---

1. This case was argued to this court with *Reckner v. Director of Revenue*, WD 62023. The facts and arguments are similar, with the minor differences noted as necessary. The parties stipulated that Trooper Surface's testimony in *Reckner* also applies to this case, with the exception of any testimony he gave with regard to the effect of some debris found in the sample chamber.

2. Unless otherwise indicated, all statutory references are to RSMo.2000.

3. Section 302.505 was changed effective September 29, 2001, requiring a BAC of .08 percent instead of .10 percent. § 302.505 (Cum. Supp.2002).

excluded the results of Mr. Shewmaker's breath test.[4]  The Director asserts that she established the necessary foundational elements to admit the test results.  The Director's second point is that the trial court erred in setting aside the Director's revocation of Mr. Shewmaker's driving privileges because the decision was against the weight of the evidence, not supported by substantial evidence, and misapplied the law.  The Director claims that she met the requirements to support revocation of Mr. Shewmaker's license and Mr. Shewmaker did not rebut her prima facie case.

This appeal raises the same issues as discussed in *Reckner v. Director of Revenue*, WD 62023, —— S.W.3d ——, 2003 WL 22887387 (2003), decided this day.  For the reasons stated in the accompanying opinion,[5] we reverse the decision of the Morgan County Circuit Court and reinstate the Director's revocation of Mr. Shewmaker's driver's license.

PATRICIA BRECKENRIDGE and PAUL M. SPINDEN, JJ. concur.

---

4.  The Director uses the incorrect standard of review when discussing this point, claiming the trial court's decision was against the weight of the evidence, not supported by substantial evidence, and misapplied the law. This first point, however, deals only with the decision to exclude evidence and, therefore, is a question of abuse of discretion.

5.  We acknowledge that there is evidence in the record in *Reckner* explaining the effect of the debris and that evidence was specifically omitted from *Shewmaker*, but that does not alter our opinion.